**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

GEORGE CLARITT,                      :

      Plaintiff            :        CIVIL ACTION NO. 3:20-0544

      v.                   :            (JUDGE MANNION)

CORRECT CARE SOLUTIONS,              :

      Defendant            :

**MEMORANDUM**

**I.   BACKGROUND**

Plaintiff, George Claritt, an inmate formerly confined at the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The only named Defendant is Correct Care Solutions, LLC ("CCS"). Id. The action proceeds via an amended complaint. (Doc. 5).

Presently before the Court is Defendant's motion to dismiss Plaintiff's complaint. (Doc. 6). The motion is fully briefed and, for the reasons that follow, the Court will grant Defendant's motion to dismiss.

---

[1] Plaintiff is currently housed at the Laurel Highlands State Correctional Institution, Somerset, Pennsylvania.

**II.     MOTION TO DISMISS**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule

12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

### III. ALLEGATIONS IN COMPLAINT

On November 30, 2013, while working as an inmate janitor at SCI-Dallas, Plaintiff claims he "fell when he slipped on a wet concrete floor, causing injury to his left knee and quad muscle of his left thigh". (Doc. 5, amended complaint). Plaintiff was examined by the prison's medical director, Dr. Standish, who was then allegedly employed by "Wexford" (not CCS). Id. Dr. Standish prescribed a knee brace along with physical therapy. Id.

On February 27, 2014 Nancy Palmigino, PA, allegedly "wrote" that Plaintiff had a "probable muscle tear" in his left knee. Id.

Plaintiff alleges that on September 1, 2014, CCS took over as the SCI-Dallas health care provider. Id.

Plaintiff claims that on October 6, 2014, an outside consultant ordered an MRI of his left thigh. Id. On November 26, 2014, Plaintiff was "sent to Wilkes-Barre Imaging for an MRI." Id.

Plaintiff states that on June 12, 2015, a telemedicine conference with Dr. Standish and the orthopedic specialist, Dr. Gerdonay revealed that "any window for easy repair is long past" and noted a history of Plaintiff being " '...uncooperative with clinical recommendations which made him a bad candidate for treatment process which would require rehabilitation in order to be successful.'" Id. Plaintiff further claimed that the orthopedic specialist based this opinion on a defamatory statement made by Dr. Stanish, which, Plaintiff alleges, was made "for the purpose of keeping Dr. Gerdonay from recommending rehabilitation for Plaintiff." Id.

On October 20, 2015, Plaintiff states that he was then sent to Geisinger Medical Center, where he was advised by a knee specialist that he suffered a torn quadriceps muscle and no surgical intervention was possible. Id.

The remainder of Plaintiff's Amended Complaint describes various medical interventions provided by medical providers allegedly associated with CCS between 2015 and November 2019. Id. at ¶ 28-50.

On March 2, 2020, Plaintiff filed the above captioned action in the Luzerne County Court of Common Pleas. (Doc. 1). By Notice of Removal

dated April 2, 2020, the above captioned action was removed to this Court, where it was filed the same date. Id. Count I of the Amended Complaint attempts to assert a cause of action for Breach of Contract based upon an allegation that, "CCS has failed to follow the [McKesson] Interqual [criteria] recommendations to promptly send patients for MRI/ Orthopedic consultations for the type of injury suffered by the Plaintiff here." (Doc. 5 at ¶ 52). Count II of the Amended Complaint, for "Deliberate Indifference", claims that CCS developed an "unwritten policy" of delaying medical treatment for injuries such as Plaintiff's. Id. at ¶ 55.

For relief, Plaintiff seeks compensatory and punitive damages. (Doc. 5).

### IV. Discussion

Defendants move to dismiss the complaint, *inter alia*, on the basis that Plaintiff's claims are barred by the statute of limitations.

In reviewing the applicability of the statute of limitations to an action filed pursuant to §1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d

451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The United States Supreme Court clarified its decision in Wilson when it held that "courts considering §1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D.Pa.), aff'd 101 F.3d 691 (3d Cir. 1996) (Table). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons.Stat. Ann. §5524(7) (Purdon Supp.); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir.), cert. denied, 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). A professional medical negligence/medical malpractice action must be commenced within two years "from the time the cause of action accrued." See, Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005)(citing 42 Pa.C.S. §5502(a); 42 Pa.C.S. §5524(2)).

Federal law governs a cause of action's accrual date. Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); see also Montgomery v. De Simone, 159 F.3d 120,

126 (3d Cir. 1998). The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known. Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. See United States v. Kubrick, 444 U.S. 111, 120 (1979). "The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." Wallace v. Kato, 549 U.S. 384, 391 (2007).

Plaintiff alleges that he suffered an injury from a fall on November 30, 2013. (Doc. 5). He claims that he learned that he had suffered a torn quadricep, at the very latest, on April 10, 2014, when Dr. Stanish recorded the diagnosis in Plaintiff's Consultation Record. 4/10/14. Id. On June 12, 2015, Plaintiff states that he was advised that "any window for easy repair is long past."

Taking Plaintiff's allegations as true, it is clear that Plaintiff actually knew of his alleged injury and the alleged inability to surgically repair his quadriceps, no later than June 12, 2015. Plaintiff's action was not filed in the

Court of Common Pleas until March 2, 2020, almost five years beyond the latest date of his actual knowledge of his injury. Thus, Plaintiff's action is barred by the statute of limitations as untimely.

In his brief in opposition, Plaintiff acknowledges that the personal injury statute of limitations is two years, but argues that his action should be considered as a "breach of contract claim, which has a 6 year statute of limitations." (Doc. 14 at 2). The Court finds no merit to Plaintiff's argument.

Initially, the Court notes that the statute of limitations for a breach of contract claim in Pennsylvania is four years. See 42 Pa. C.S. §5525. However, even applying the four year statute of limitations to Plaintiff's claims, his action is untimely, as Plaintiff was advised on June 12, 2015 that "the window for easy repair is long past". Even under contract law, Plaintiff's action would have to have been filed on or before June 12, 2019, to have been timely.[2] Consequently, Plaintiff's March 2, 2020 filing is untimely.

---

[2] Regardless of the timeliness, any contention that Plaintiff is a third-party beneficiary of a contract between the Commonwealth of Pennsylvania and CCS, fails as a matter of law, as Plaintiff lacks standing as an express third-party beneficiary to bring a breach of contract claim and cannot, as a matter of law, establish a plausible claim for relief. See Ziegler v. Correct Care Sys., No. 1:16-CV-1895, 2018 WL 1470786, at *9 (M.D. Pa. Mar. 26, 2018).

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* complaint that any attempt to amend the plaintiff's §1983 claims against the named Defendant would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## VI. CONCLUSION

For the reasons set forth above, the Court will grant Defendant Correct Care Solutions' the motion to dismiss. (Doc. 6). A separate Order shall issue.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 19, 2021**
20-0544-01